UNITED STATES OF AMERICA
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAUREN STONE | CIVIL ACTION |
| VERSUS | NUMBER: 23-2773 |
| WALMART, INC., ET AL | SECTION: "B"(4) |

### ORDER AND REASONS

**IT IS ORDERED** that defendant Richard Graham's ("Graham") unopposed motion to dismiss, R. Doc. 7, is **GRANTED** for below assigned reasons.

This case arises form an alleged slip-and-fall incident.[1] In June 2022, plaintiff Lauren Stone ("Stone") was shopping at a Walmart store, located in Chalmette, Louisiana.[2] While walking between checkout lanes, she "slipped and fell as a result of a foreign object or objects on the floor, which she believes to be one or more cherries."[3] As a result of the slip-and-fall, plaintiff alleges she "suffered pain, mental anguish and has suffered severe and painful personal injuries . . . causing her to seek medical attention."[4]

On June 2, 2023 plaintiff filed a negligence suit in the Thirty-Fourth District Court for the Parish of St. Bernard, Louisiana,[5] naming as defendants Walmart and Richard Graham, a manager at the Chalmette Walmart.[6] In naming Graham as a party defendant in this suit, plaintiff alleges

---

[1]     *See generally* R. Doc. 1-2; *see also* R. Doc. 7-1 at p. 1.
[2]     R. Doc. 1-2 at p. 2 ¶ II.
[3]     R. Doc. 1-2 at p. 2 ¶ II.
[4]     R. Doc. 1-2 at pp. 2–3 ¶ III.  Plaintiff alleges that her personal injuries include but are not limited to injuries to "her hips, right arm, right elbow, right hand, right thumb, and the left side of her neck." *Id.*  Further, "[t]he injury to [Plaintiff's] left hip consisted of a linear fracture of the femur/hip, left hip cartilage injury, and an aggravation of pre-existing arthritic condition and resulted in a left hip replacement." *Id.*
[5]     *See* R. Doc. 1-2.
[6]     *See* R. Doc. 1-2 at p. 1 ¶¶ A–B.  Plaintiff also filed suit against the following fictional persons until their actual identity can be ascertained: Jane Doe, an employee at the Chalmette

1

that upon information and belief Graham "was responsible for maintaining, cleaning, and keeping the aisles, walkways, vestibules, etc. clear of foreign objects, debris, water, etc. . . . to ensure that persons having to happen upon the premises would not be injured or otherwise harmed."[7] Further, and without separately pleading the alleged negligent acts of Walmart and Graham, plaintiff alleges that both Walmart and Graham were negligent in the following ways:

1. In failing to keep the register areas in a clean, dry, and safe condition knowing that persons having to walk through said areas could be harmed or otherwise injured;
2. In failing to clean up a foreign object on the floor which created an inherently dangerous condition;
3. By allowing the floor to be in an unsafe and hazardous condition knowing that persons having to occasion said premises could be injured;
4. Failing to properly remedy the defect when they knew or should have known of the inherently dangerous condition;
5. In failing to post warning and/or caution signs along the aisle warning patrons of the potentially dangerous condition;
6. In failing to use due care to prevent the dangerous and hazardous condition of said floor;
7. Failure to promulgate, implement, enforce and/or carry out the appropriate procedures to keep said floor/aisles in a safe condition;
8. In failing to promulgate adequate policies and procedures to inspect and maintain high traffic aisles to keep them free from unsafe conditions;
9. Failure to promulgate and enforce procedures requiring employees to take general passageways when directing patrons to customer service;
10. Any other acts of negligence, also to be shown to have been the proximate cause of the accident, following their discovery and presentation in evidence at trial of this cause.[8]

---

Walmart; John Doe, a cashier at the Chalmette Walmart; and XYZ Insurance Company, Walmart Inc.'s liability insurer. R. Doc. 1-2 at pp. 1–2 ¶¶ C–E. The deadline to amend pleadings expired in January 2024 without any amendment to add names of the Doe defendants. R. Doc. 11 at 1. Therefore, they are dismissed.

[7]   See R. Doc. 1-2 at p. 1 ¶ I.B.
[8]   R. Doc. 1-2 at p. 3 ¶ IV.

Walmart and Graham removed the state court suit to this Court[9] on the basis of diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[10]  Subsequently, Graham filed the instant motion seeking dismissal of claims against him with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).[11]

Plaintiff has not filed an opposition to Graham's motion to dismiss, timely[12] or otherwise.

### LEGAL STANDARDS

Because plaintiff did not file an opposition to the instant motion, timely[13] or otherwise, "the Court may properly assume that [Plaintiff] has no opposition" and we may grant the motion to dismiss[14] "as long as [it has] merit."  *Smith v. Larpenter,* No. 16-15778, 2017 WL 2773662 at *1 n. 1 (E.D. La. May 3, 2017), *report and recommendation adopted*, No. 16-15778, 2017 WL

---

[9]  *See* R. Doc. 1.

[10]  *See* R. Doc. 1 at pp. 2–6 ¶¶ 6–20.  Under Section 1332(a), federal district courts have diversity subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. 1332(a).  Section 1332(a)'s requirement that the civil action be "between citizens of different states" for diversity subject-matter to exist is referred to as the complete diversity requirement.  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).
Defendants admit in their Notice of Removal that both Plaintiff and Graham are domiciled in Louisiana, *see* R. Doc. 1 at pp. 4–5 ¶¶ 11, 13, which would ordinarily destroy diversity subject-matter jurisdiction, *see, e.g.*, *McLaughlin*, 376 F.3d at 353.  However, Defendants' Notice of Removal provides that "Graham is an improperly named defendant and is improperly joined in the state lawsuit."  *Id.* at p. 5 ¶ 15.

[11]  *See* R. Doc. 7.

[12]  Local Rule 7.5 provides that a respondent that opposed a motion "must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date."  LR 7.5.  Plaintiff failed to comply with Local Rule 7.5.  And while under Local Rule 7.8, parties are entitled to "one extension for a period of 21 days from the time the pleading would otherwise be due," Plaintiff's period for an extension has also run.

[13]  *See supra* n. 10 and accompanying text.

[14]  R. Doc. 7.

2780748 (E.D. La. June 26, 2017) (citations omitted); *see also Braly v. Trail*, No. 00-31313, 2001 WL 564155 at *2 (5th Cir. 2001).

To survive a Rule 12(b)(6) motion to dismiss, "a plaintiff must plead sufficient facts 'to state a claim to relief that is plausible on its face,'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and "that, if true, 'raise a right to relief above the speculative level,'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gentilello*, 627 F.3d at 544 (quoting *Iqbal*, 556 U.S. at 678). The Court must "accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir.2016) (citing *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014)). But the Court is not bound to "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello*, 627 F.3d at 544 (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)); *see also Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

## LAW AND ANALYSIS

The issue we must resolve is whether plaintiff's state court petition has stated a Louisiana state law[15] negligence claim against Walmart's manager, Graham, for which Graham could be

---

[15] As mentioned *supra*, this case was removed to this Court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. § 1332. *See supra* p. 2. "A federal court sitting in diversity applies the substantive law of the forum state, in this case Louisiana." *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) (citing *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013)).

personally liable. Louisiana Supreme Court case,[16] *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973),[17] supplies the relevant framework for assessing plaintiff's claim against Graham. *See, e.g., Rolls ex rel. A. R. v. Packaging Corp. of Am.*, 34 F.4th 431, 437 (5th Cir. 2022); *Moore v. Manns*, 732 F.3d 454, 456–57 (5th Cir. 2013). Under *Canter*, a plaintiff can hold a management-level employee personally liable for their injury when the following four criteria are met:

> First, the employer must owe a duty of care to the plaintiff, the breach of which caused the injury at issue.
>
> Second, the employer must have delegated that duty to the employee at issue.
>
> Third, the employee at issue must have breached the duty through his own personal fault.
>
> And fourth, the employee's breach must have been more than a simple breach of a "general administrative responsibility," but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee.

*Rolls ex rel. A. R.*, 34 F.4th at 437–38 (citing *Canter*, 283 So. 2d at 721).

Graham does not argue that plaintiff failed to plead sufficient facts to meet the first and second *Canter* criteria. Graham argues plaintiff's allegations against him pertain only to his administrative duties as a manager of Walmart,[18] and further, that plaintiff's allegations regarding his alleged negligence are not specific to him, but are "identical to the generalized negligence claims made against Walmart."[19] Essentially then, Graham's position is that plaintiff has failed to allege sufficient facts to show he breached a delegated duty of care through his own "personal fault," as required under the third and fourth *Canter* criteria. Nonetheless, "the Court must

---

[16] *See supra* n. 15. Unless there is none, "to determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court." *Wisznia Co.*, 759 F.3d at 448 (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007)).

[17] *Canter* was superseded on other grounds by an amendment to La. Rev. Stat. § 23:1032. *Peironnet v. Matador Res. Co.*, 2012-2292, (La. 6/28/13), 144 So. 3d 791, 817 n. 13.

[18] R. Doc. 7-1 at p. 2.

[19] R. Doc. 7-1 at p. 3.

establish that plaintiff pleaded all the *Canter* [criteria]." *Stansbury v. McCarty Corp.*, No. 21-1909, 2022 WL 2177444, at *4 (E.D. La. June 16, 2022) (Lemelle, J.) (citing *Rolls ex rel. A. R.*, F.4th at 437).

Under the first *Canter* criterion, Walmart, "as a merchant, owes its customers a duty 'to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition.'" *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, at *3 (E.D. La. Apr. 8, 2015) (citing La. Rev. Stat. § 9:2800.6).  And under the second *Canter* criterion, there is no evidence to suggest "that this duty was not delegated [by Walmart] to its employee[s]," including Graham.  *Lounsbury v. Winn-Dixie La., Inc.*, No. 95-2544, 1995 WL 626211, at *2 (E.D. La. Oct. 20, 1995).

However, as Graham argues in his motion,[20] the Court finds that plaintiff has not alleged that Graham breached that duty through "personal fault," as required under the third and fourth *Canter* criteria.

As stated *supra*, plaintiff alleges Graham was negligent in several aspects: *firstly*, for not maintaining "register areas in a clean, dry, and safe condition"; *secondly*, for failing to "clean up a foreign object on the floor which created an inherently dangerous condition"; *thirdly*, for "allowing the floor to be in an unsafe and hazardous condition"; *fourthly*, in failing to "remedy the defect when [he] knew or should have known of inherently dangerous condition"; *fifthly*, for neglecting to place warning signs "along the aisle warning patrons of the potentially dangerous condition"; *sixthly*, for not exercising due care "to prevent the dangerous and hazardous condition of said floor"; *seventhly*, for failing to establish and enforce "appropriate safety procedures to keep said floor/aisles in a safe condition"; *eighthly*, for lacking sufficient "policies and procedures to

---

[20]   *See supra* n. 18–19 and accompanying text.

inspect and maintain high[-]traffic aisles"; *ninthly*, for not implementing procedures requiring employees to take general passageways when assisting patrons; and *finally*, for any other negligent acts that may emerge.

These conclusory allegations "deal with [Graham's] general duties as a manager of a store," *see Herrington v. DG Louisiana*, No. 22-1034, 2022 WL 2237137, at *3 (E.D. La. June 22, 2022) (alterations adopted) (citations and internal quotations omitted), but fail to show that Graham bears **personal** blame for Plaintiff's injuries, as the third and fourth *Canter* criteria require, *see id.*; *Rolls ex rel. A. R.*, 34 F.4th at 438.

Several federal district courts have found that allegations of negligence similar to plaintiff's "do not establish that the manager owed a personal duty to ensure the plaintiff's safety, but instead deal with the manager's general duties as a manager of a store." *Herrington v. DG Louisiana*, CR 22-1034, 2022 WL 2237137, at *3 (E.D. La. June 22, 2022) (alterations adopted) (citations and internal quotations omitted); *see e.g., id.*; *Gautreau v. Lowe's Home Ctr., Inc.*, No. 12-630, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012), *report and recommendation adopted*, CIV.A. 12-630-JJB, 2013 WL 636823 (M.D. La. Feb. 20, 2013). *See also Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, at *4 (E.D. La. Apr. 8, 2015)

For example, in *Brady v. Wal-Mart Stores,* the court held that a store customer who was injured when several boxes fell on her arm could not recover damages from the store's manager because the customer had not alleged that the manager "was the employee who stacked the boxes improperly or who personally caused the accident." 907 F.Supp. 958, 960 (M.D.La.1995).

And in *Gautreau v. Lowe's Home Ctr.,* the court held that a manager of a store could not be held personally liable for the plaintiff's injuries, which were sustained when a shelving board fell from a display shelf and hit her, because the plaintiff had not alleged that the manager "actively

contributed to or had any personal knowledge of [the] harmful condition" created by the shelf that was alleged to be improperly constructed. No. 12-630, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012). The court in *Gautreau* explained that "none of the allegations of negligent acts committed by [the manager] contain[ed] any facts which distinguish[ed] [the manager's] alleged duty to the plaintiff from the general administrative responsibilities of his employment." *Id.*

Here, like in *Brady* and *Gautreau*, plaintiff has not alleged that Graham actively contributed to or had any personal knowledge of the harmful condition created by the alleged cherries in the checkout lane. Plaintiff has not alleged that Graham had any personal involvement in the events leading up to the alleged slip-and-fall, or that any action or inaction by Graham caused the slip-and-fall. Plaintiff has not alleged that Graham was working a shift at the Chalmette Walmart during the time plaintiff's alleged injuries occurred. Thus, like in *Brady* and *Gautreau*, we find that Graham cannot be held personally liable for plaintiff's injuries.

New Orleans, Louisiana this 12th day of March, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE

8