UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN STONE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2773** |
| **WALMART INC., ET AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court are defendant Walmart Inc.'s (incorrectly referred to as Walmart, Inc. d/b/a Wal-Mart Super Center, Store #909) motion for summary judgment (Rec. Doc. 19), plaintiff Lauren Stone's opposition (Rec. Doc. 24), and defendant's reply (Rec. Doc. 38),

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (Rec. Doc. 19) is **GRANTED IN PART** relative to defendant's creation and defendant's actual notice of the condition which allegedly caused plaintiff's fall and **DENIED** relative to defendant's constructive notice of the hazardous condition, which allegedly caused plaintiff to fall.

**IT IS FURTHER ORDERED** that summary judgment relative to plaintiff's claim under the general principles of negligence is **DENIED.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of an alleged slip-and-fall accident in a Walmart store in Chalmette, Louisiana. Plaintiff originally filed her petition in the 34th Judicial District Court for the Parish of St. Bernard on June 2, 2023, and defendants Walmart Inc. ("Walmart") and Richard Graham removed it to federal court asserting diversity jurisdiction. *See* Rec. Docs. 1 and 1-2. Plaintiff's claims against Mr. Graham were dismissed on March 13, 2024. Rec. Doc. 14. Plaintiff asserts that on or about June 6, 2022, while walking between checkout lanes with a Walmart employee toward the customer service counter, suddenly and without warning, she slipped and fell as a result of a foreign object or objects on the floor, which she believed to be one or more cherries, causing pain,

1

mental anguish, and severe and painful personal injuries, causing her to seek medical attention. Rec. Doc. 1-2 at 2-3 ¶ II-III.

Walmart generally denies Stone's allegations and asserts various defenses, such as Stone's own acts of negligence, comparative fault by third parties, lack of notice of the allegedly dangerous condition, Stone's own negligence in failing to avoid an open and obvious condition, Stone's pre-existing injuries, and Stone's failure to mitigate her damages, among several affirmative defenses. *See* Rec. Doc. 6.

**LAW AND ANALYSIS**

    **A.**    **Motion for Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002); *see also Etheridge v. Dolgencorp Inc.*, 699 F. Supp. 3d 492, 496 (E.D. La. Oct. 18, 2023) (citations omitted)).

In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, (2000)). "The moving party bears the burden of identifying an absence of evidence to support the nonmoving party's case." *Id.* (citations omitted). Material in support of

a motion for summary judgment may be considered as long as it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). A party cannot defeat summary judgment with "conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Flowers*, 79 F. 4th at 452 (citing *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)). Instead, the nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

### B. Louisiana Merchant Liability Act

"In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state ..." *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007) (citing *Erie R. Co. v. Thompkins*, 304 U.S. 64, (1938)). Here, jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. *See* Rec. Doc. 1 at 4-6. Thus, Louisiana substantive law applies in this case. Plaintiff's claim falls under the Louisiana Merchant Liability Act (LMLA), which provides that a merchant "owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. Rev. Stat. Ann. § 9:2800.6(A). This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. *Id.*

In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) <u>The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence</u>.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Rev. Stat. Ann. § 9:2800.6(B). Therefore, to succeed on a slip-and-fall case, the plaintiff must establish all five elements of negligence, as well as the additional requirements of La. Rev. Stat. § 9:2800.6. *See White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1084. Failure to prove any of these elements is fatal to plaintiff's cause of action. *See id.* at 1086. In its motion for summary judgment, Walmart has not briefed the five elements of negligence, but instead focuses its briefing on the element of Walmart's creation of the condition which allegedly caused plaintiff's injury or Walmart's actual or constructive notice of the condition under La. Rev. Stat. § 9:2800.6(B)(2). First, we address whether there is a factual issue that Walmart created the condition which caused Stone's fall.

Stone alleges that the presence of a cherries on the floor near a register lane was the cause of her fall. *See* Rec. Doc. 19-2 at 6. To prevail on her claim, Stone must prove that Walmart created the dangerous condition which caused her harm. *See Ross v. Schwegmann Giant Super Markets, Inc.*, 734 So. 2d 910, 913 (La. App. 1st Cir. 1999), *writ denied*, 99-1741 (La. 10/1/99), 748 So. 2d 444 (finding that plaintiff failed to establish the defendant's creation of a dangerous condition where the distance between where the fall occurred and the store's crab salad serving area suggested that a customer, rather than a store employee, caused it to be on the floor in

plaintiff's slip-and-fall claim). Rec. Doc. 19-2.  Here, Stone admits she cannot recall whether it was one cherry or several cherries on the floor where she fell. *Id.* at 6-7.  She also states that she did not see cherries on the floor and that she only saw a red, cherry seed. *Id.* at 8.  Notably, Stone does not know anything to suggest how the cherries came to be on the floor. *Id.* at 7.  Nor does she know who was responsible for placing the cherries on the floor. *Id.* at 9-10.  In this case, there is no evidence that would establish that the presence of the cherries on the floor was caused by the acts of a Walmart employee, rather than a customer.  Nor do the surveillance videos show *how* or *when* the cherries came to be on the floor.  Therefore, there is no genuine issue of material fact as to whether Walmart caused the cherries to be on the floor, which allegedly injured the plaintiff.

      Because plaintiff cannot show that Walmart caused the cherry/cherries to be on floor, Stone must show that Walmart had either actual or constructive notice of the condition that caused her injury.  Actual notice requires plaintiff to prove that Walmart or its employees were aware of the presence of the cherries on the floor prior to her fall. *See Williams-Ball v. Brookshire Grocery Co.*, 198 So. 3d 195, 199-200 (La. App. 2d Cir. 2016) (finding plaintiff who slipped and fell on a clear egg-like substance on floor of grocery, failed to prove that store employees had actual notice of the condition); *see also Thomas v. New Hotel Monteleone, LLC*, 2020 WL 3076666 at *4 (E.D. La. June 10, 2020) (finding plaintiff who slipped and fell on a liquid in a restaurant failed to establish defendant's actual notice where a manager acknowledged that equipment in the beverage service area could create condensation and that the flooring would not absorb liquid in plaintiff's claim).  Here, Stone admits that she did not know if anyone from Walmart knew the cherries were on the floor before her fall. Rec. Doc. 19-2 at 10.  However, the register surveillance footage supports her claim that the substance was on the floor for at least eight minutes prior to plaintiff's fall.  The surveillance video shows a Walmart employee walking through what appears to be a

5

substance on the floor moments before plaintiff's fall as to indicate that the employee did not have actual notice of the substance on the floor. *See* Rec. Doc. 29 (Store Surveillance Video – Bates No. 000100).  There is no other evidence in the record to show that Walmart or its employees had actual notice of the cherries on the floor.

The register surveillance footage shows that prior to plaintiff's fall, both customers and Walmart employees walked near and at times stepped in the area where the substance was that allegedly caused the plaintiff's fall. *See* Rec. Doc. 29.  Additionally, the Walmart employee witness statements taken after the incident fail to establish that any employee had actual notice of the substance on the floor *prior* to plaintiff's fall. *See* Rec. Docs. 24-6 and 24-7.  Therefore, there is no genuine issue of material fact regarding whether Walmart had actual notice of the cherries on the floor prior to plaintiff's fall.  Alternatively, Stone may be able to prove that Walmart had constructive notice of the cherries on the floor prior to her fall.

According to the statute, constructive notice means that: [T]he claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. Rev. Stat. § 9:2800.1(C)(1).  The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. *Id.*  Here, the presence of Walmart employees, namely the Walmart cashier, near the area where Stone fell, on its own, does not constitute constructive notice, unless plaintiff can show that the employee knew, or in the exercise of reasonable care, should have known of the cherries on the floor.

The Louisiana Supreme Court recognizes that "there is no bright line time period," that a claimant must show, but "[a] claimant who simply shows that the condition existed without an

6

additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Miller v. Michaels Stores Inc.*, No. 22-359, 2023 WL 3938000, at *3 (E.D. La. June 9, 2023), *aff'd,* 98 F.4th 211 (5th Cir. 2024) (citing *White*, 699 So. 2d at 1084). "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *White*, 699 So. 2d at 1084-85. This requires the plaintiff to "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *Id.* at 1082*; see also Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99); 733 So. 2d 1188 (clarifying *White* and holding that evidence that the area of the fall was in view of customer service and that it was raining that same evening does not establish the length of time the puddle was there before plaintiff's accident, and therefore does not satisfy the constructive knowledge requirement); *see also Benintate v. Walmart*, 97-802 (La. App. 5 Cir 12/10/97); 704 So. 2d 851 (finding that plaintiff who slipped and fell on a smashed french fry established defendant's constructive notice where plaintiff testified that the area around the potato was "black, as though carts had been pushed around there" and where investigator testified that foreign debris was present in that area on numerous occasions and employees took no steps to cure the dangerous condition). Courts have also recognized that while this is not an impossible burden, it is a very high burden*. See id.* at 1085; *Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917, at *8 (5th Cir. July 18, 2002); *Kimble v. Winn-Dixie La., Inc.*, 01-514 (La. App. 5 Cir. 10/17/01); 800 So. 2d 987, 992.

  Here, Stone allegedly saw a cherry seed was on the floor. *See* Rec. Doc. 19-2 at 8. In the register surveillance video, there appears to be a substance was on the floor-- at least eight minutes prior to plaintiff's fall. *See* Rec. Doc. 29. However, neither the register surveillance footage nor

the store surveillance footage show the cherries or any substance falling on the floor prior to plaintiff's fall. *See* Rec. Doc. 29.  She admits not knowing how long the cherries were there prior to the incident. *See* Rec. Doc. 19-2 at 10.  She admits that she did not see the cherries on the floor prior to her fall, nor is she aware of whether the cherries appeared to be previously stepped on. *Id.* at 7-8.  She also admits that she did not notice any track marks or footprints in the area where she fell. *Id.*  However, plaintiff has produced photos of the substance on the floor, which could lead a reasonable juror to find that the substance on the floor was there a sufficient amount time such that Walmart or its employees should have been on notice of the substance on the floor prior to the subject incident.  Therefore, there is a genuine issue of material fact relative to Walmart's constructive notice of the substance which allegedly caused plaintiff's fall.

### C. Liability under Louisiana's Ordinary Negligence Principles

Additionally, plaintiff further contends that her fall was caused by the Walmart employee who led her to the customer service desk, and therefore, Walmart could be found liable under the principles of respondeat superior. *See* Rec. Doc. 24 at 8-9.  "The law of merchant liability found in LSA-R.S. 9:2800.6 is not the exclusive remedy of a plaintiff who is injured in an accident on a merchant's premises." *Toney v. U.S. Dept. of Army*, 207 Fed. Appx. 465, 467 (5th. Cir. 2006) (citing *Crooks v. National Union Fire Insurance Co.*, 620 So. 2d 421, 424 (La. App. 3 Cir. 1993)). "Most of the jurisprudence applying part B of the [Louisiana Merchant Liability Act] involves hazards caused by spilled liquid or items temporarily present in an [a]isle." *Id.* (citing same) (internal citations omitted).  "When the accident is allegedly the result of a specific act on the part of a merchant, and not solely the result of a condition found on the premises, ordinary negligence principles apply." *Id.* (citing same).  "There are three essential elements which plaintiff must [] establish to invoke the doctrine of respondeat superior: To find liability of an employer under the

8

doctrine of respondeat superior, there must exist: (1) an employer/employee relationship; (2) a negligent or tortious act on the part of an employee; and (3) the act complained of must be committed in the course and scope of employment." *Price v. Williams*, No. 98-3826, 2000 WL 1168772 (E.D. La. Aug 10, 2000) (citing *Buras v. Lirette*, 704 So. 2d 980, 983 (La. App. 4 Cir. 1997)). Here, there is an issue of material fact relative to whether plaintiff's own acts were the sole cause of her slip-and-fall or whether plaintiff's fall can be attributed to the acts of the Walmart employee who led plaintiff to the customer service desk under the principles of respondeat superior. Therefore, summary judgment on plaintiff's claim under the principles of respondeat superior is inappropriate at this stage.

New Orleans, Louisiana this 18th day of September, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE