UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN STONE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2773** |
| **WALMART INC., ET AL.** | **SECTION "B"(4)** |

### ORDER AND REASONS

After hearing oral argument on September 18, 2024 from parties' counsel of record on defendant Walmart Inc.'s motion in limine (Rec. Doc. 20), plaintiff Lauren Stone's opposition to that motion (Rec. Doc. 32), plaintiff's motions to continue trial and extend all deadlines (Rec. Docs. 21 and 35) and defendant's opposition to continue (Rec. Doc. 30), and in addition to the court's oral pronouncements during the hearing, the court issues below orders and reasons.

**IT IS HEREBY ORDERED** that defendant's motion in limine (Rec. Doc. 20) is **DISMISSED WITHOUT PREJUDICE** to reurge after a limited redeposition of Dr. William Junius relative to his opinion as to the causation of plaintiff's injury. **That limited redeposition shall occur preferably on September 30, 2024, but in any event no later than October 11, 2024**.

**IT IS FURTHER ORDERED** that plaintiff's motions to continue trial and extend all deadlines (Rec. Docs. 21 and 35) are **GRANTED.** Pursuant to the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation omitted). The Fifth Circuit Court of Appeals considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the

1

failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

The final pretrial conference and trial in this matter was set for September 26, 2024, and October 7, 2024, respectively. *See* Rec. Doc. 11. The Court entered its first scheduling order on December 12, 2023. *Id.* The deadline for parties to file case-dispositive motions, along with motions in limine regarding the admissibility of expert testimony occurred on August 14, 2024. *Id.* Additionally, the deadline to complete depositions and discovery occurred on August 27, 2024. *Id.* On August 22, 2024, plaintiff filed her motion to continue trial and extend all deadlines. *See* Rec. Doc. 21. Plaintiff filed her motion for leave to amend her motion to continue on August 27, 2024 (Rec. Doc. 23). Plaintiff's motion for leave to amend (Rec. Doc. 23) was marked deficient by the Clerk of Court on August 28, 2024, because plaintiff failed to attach the proposed pleadings with all necessary attachments. Before plaintiff cured the deficiency, defendant Walmart Inc. filed its response/opposition to plaintiff's amended motion to continue. *See* Rec. Doc. 30. Plaintiff cured the deficient motion on September 5, 2024. *See* Rec. Doc. 35.

In plaintiff's motions to continue, she contends that she needs additional time to redepose Dr. William Junius, a healthcare provider for plaintiff. *See generally* Rec. Docs. 35-3 and 16. Plaintiff first deposed Dr. Junius on June 25, 2024. *See* Rec. Doc. 35-3 at 1. At the time of Dr. Junius' June deposition, plaintiff avers that Dr. Junius "stated multiple times that he needed more information, and that he needed previous images to help him see the progression of [p]laintiff's arthritis" following plaintiff's fall on defendant's premises. *See* Rec. Doc. 21-5 at 1. Further, plaintiff avers that defense counsel was put on notice that Dr. Junius would need to be deposed again after the receipt of additional records. *Id.* at 2.

2

Without sufficient explanation for the late production of important objective medical records, counsel for plaintiff urges he only recently received the X-ray images of plaintiff's left hip from Dr. Chad Millet, another healthcare provider for plaintiff. *See id.*; *see also* Rec. Doc. 16 at 1. Upon receiving the additional imaging, plaintiff's counsel requested Dr. Junius' availability for a second deposition and was informed that Dr. Junius' first available date for a second deposition is October 7, 2024, the date on which trial is set to commence. *See* Rec. Doc. 35-3 at 1-2. Plaintiff further contends that should Dr. Junius' deposition testimony remain the same upon his review of additional records, "[p]laintiff's damages may be less than seventy-five thousand dollars ($75,000.00) exclusive of interest and cost, therefore, this matter may be remanded to state court." *See id.* at 2. Lastly, counsel for plaintiff avers that his father must undergo a medical procedure on October 7 and 8, 2024, which would "make attending the trial difficult." *Id.*

Defendant Walmart does not oppose continuing the October 7, 2024, trial date relative to "[p]laintiff's counsel's representation that family health issues would complicate attending trial." *See* Rec. Doc. 30 at 1. However, defendant opposes plaintiff's motion to continue relative to the redeposition of Dr. Junius. *See id.* Defendant contends that plaintiff's counsel "wants to re-depose Dr. Junius after his review of additional material after the expert and discovery deadlines have passed." *Id.* at 2. Defendant further avers that "[p]laintiff is not entitled to re-depose Dr. Junius, and Dr. Junius' review of additional material not related to his ordinary treatment of [p]laintiff renders him an expert witness under Rule 26(a)(2)(b), which requires the issuance of a written report, which [p]laintiff failed to produce." *Id.* Defendant avers that plaintiff's request to redepose Dr. Junius after he would not relate plaintiff's need for hip surgery to the Walmart incident does not demonstrate good cause to modify the Court's scheduling order. *See id.* at 3. Defendant further contends that plaintiff is not entitled to redepose Dr. Junius because plaintiff failed to obtain leave

of court pursuant to Fed. R. Civ. P. 30(a)(2)(B), rendering plaintiff's request to continue premature. *Id.*

In response, plaintiff asserts that her failure to timely to move to continue should be excused because (1) defense counsel was on notice on plaintiff's need to re-depose Dr. Junius at the time of Dr. Junius' June deposition, (2) plaintiff had to submit a HIPAA request for the images from Dr. Millet's office, and upon receipt of the images from Dr. Millet's office on August 22, 2024, plaintiff's counsel was informed that Dr. Junius did not have availability for a second deposition until trial in this matter was set to commence, and (3) defense counsel has been aware that Dr. Junius may be called as an expert witness in this matter since defendant's receipt of plaintiff's answers to interrogatories on April 23, 2024. *See* Rec. Doc. 36 at 2-4. Plaintiff contends that a continuance is necessary because Dr. Junius' "testimony relating the hip replacement surgery to Mrs. Stone's fall is the only matter keeping this case" in federal court. *See* Rec. Doc. 36 at 4.

Additionally, plaintiff urges that should Dr. Junius' testimony remain the same, "namely that the fall did not necessitate the need for surgery, then [p]laintiff's claim would not meet the amount in controversy required for diversity[.]" *Id.* "A plaintiff's statement to the effect that the amount in controversy does not exceed $75,000 does not necessarily defeat removal." *Cresson v. State Farm and Cas. Co.*, No. 09-6866, 2010 WL 1664001 (E.D. La. Apr. 22, 2010) (Lemelle, J.) (denying plaintiff's motion to remand despite plaintiff's belief that her damages did not exceed $75,000). "Any person who has already been deposed once in a case may not be deposed again without leave of Court." *Lowery v. Noble Drilling Corp.*, No. 96-3968, 1997 WL 675328, at *1 (E.D. La. Oct. 29, 1997). "[Rule 30(a)(2)(B)] requires application of the principles stated in Rule 26(b)(2) when the Court considers a motion to redepose a person who has already been examined in the case." *Id.* "Those principles include whether the discovery sought is unreasonably

4

cumulative or duplicative and whether the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." *Id.*; *see also Martin v. Fidelity Nat. Title Ins. Co.*, No. 09-4195, 2011 WL 3349843 (E.D. La. Aug. 3, 2011) (allowing redeposition where counsel was diligent in seeking information needed to depose witness and limiting scope of redeposition to newly produced material that could not have been the subject of examination at plaintiffs' first depositions). Here, the redeposition of Dr. Junius regarding his opinion of plaintiff's pre-existing arthritis or whether plaintiff's pre-existing condition was aggravated by plaintiff's fall on defendant's premises should not prejudice defendant.

Moreover, if Dr. Junius reverses his prior sworn testimony on causation, defendant is granted leave to hire its own medical expert to provide a response to that reversal, if any, and their own opinion on causation. In the latter process and if requested, plaintiff shall submit himself for examination by defendant's medical expert.

**Additionally, <u>no later than October 18, 2024</u>, parties shall jointly file into the record memoranda no longer than eight pages on the issue of whether this case should proceed in federal court.**

New Orleans, Louisiana this 20th day of September, 2024

SENIOR UNITED STATES DISTRICT JUDGE