UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN STONE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2773** |
| **WALMART INC. ET AL** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is plaintiff Lauren Stone's motion for entry of final judgment of this Court's Order (Rec. Doc. 42) granting in part summary judgment in favor of Walmart, Inc. (incorrectly referred to as Walmart, Inc. d/b/a Wal-Mart Super Center, Store #909) ("Walmart") regarding Walmart's creation of the hazardous condition and its actual notice of the hazardous condition pursuant to Fed. R. Civ. P. 54(b). Rec. Doc. 45. The motion is unopposed. For the following reasons,

**IT IS ORDERED** that plaintiff's motion (Rec. Doc. 45) is **DENIED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of an alleged slip-and-fall accident in a Walmart store in Chalmette, Louisiana. Plaintiff originally filed her petition in the 34th Judicial District Court for the Parish of St. Bernard on June 2, 2023, and defendants Walmart and Richard Graham removed it to federal court asserting diversity jurisdiction. *See* Rec. Docs. 1 and 1-2. Plaintiff's claims against Mr. Graham were dismissed on March 13, 2024. Rec. Doc. 14. Plaintiff asserts that on or about June 6, 2022, while walking between checkout lanes with a Walmart employee toward the customer service counter, suddenly and without warning, she slipped and fell as a result of a foreign object or objects on the floor, which she believed to be one or more cherries, causing pain, mental anguish, and severe and painful personal injuries, causing her to seek medical attention. Rec. Doc. 1-2 at 2-3 ¶ II-III.

1

Walmart generally denies Stone's allegations and asserts various defenses, such as Stone's own acts of negligence, comparative fault by third parties, lack of notice of the allegedly dangerous condition, Stone's own negligence in failing to avoid an open and obvious condition, Stone's preexisting injuries, and Stone's failure to mitigate her damages, among several affirmative defenses. *See* Rec. Doc. 6.

On July 30, 2024, defendant Walmart filed a motion for summary judgment. Rec. Doc. 19. Plaintiff opposed (Rec. Doc. 24) and defendant filed its reply (Rec. Doc. 38). This Court heard oral argument on September 18, 2024, after which we granted defendant's motion for summary judgment in part relative to defendant's creation and actual notice of the condition which allegedly caused plaintiff's fall. *See* Rec. Doc. 42 at 1. This Court found that plaintiff failed meet her burden of proof regarding Walmart's creation of the hazardous condition because none of the evidence presented established that the "presence of the cherries on the floor was caused by the acts of a Walmart employee, rather than a customer." *See id.* at 5. Further, this Court found that plaintiff failed to establish that Walmart or its employees had actual notice of the cherries on the floor. *See id.* at 5-6. This Court denied defendant's motion for summary judgment relative to its constructive notice of the hazardous condition and denied defendant's motion for summary judgment relative to plaintiff's claim under general principles of negligence. *See id.* at 6-9. Plaintiff now moves to certify this Court's September 18, 2024 Order and Reasons as a final judgment pursuant to Rule 54(b). *See* Rec. Doc. 45. Defendant Walmart did not file an opposition to plaintiff's motion. After filing the instant motion, plaintiff subsequently filed a notice of appeal to the Fifth Circuit. Rec. Doc. 47.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.' " *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996)). "This rule 'is an exception to the general rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding.' " *Matter of Aries Marine Corporation*, No. 19-10850 c/w 19-13138, 2023 WL 6482690, at *1 (E.D. La. Oct. 5, 2023) (quoting *Akeem v. Dasmen Residential, LLC.*, No. 19-13650, 2021 WL 4806913, at *1 (E.D. La. Oct. 14, 2021)). "Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid 'hardship or injustice through delay,' and 'should not be entered routinely as a courtesy to counsel.' " *Krutz v. Huntington Ingalls Inc.*, No. 20-1722, 2021 WL 5893980, at *1 (E.D. La. June 30, 2021) (quoting *PYCA Indus.*, 81 F.3d at 1421 (5th Cir. 1996)).

To enter a ruling under Rule 54(b), two prerequisites must be met. "First, the court must have fully disposed of one or more claims or parties." *Matter of Aries Marine Corporation*, 2023 WL 3569799, at *2 (citing *Eldredge*, 207 F.3d at 740 (citation omitted)). "The judge's certification of one claim among multiple claims . . . must dispose of that claim entirely." *Monument Mgmt. Ltd. P'ship I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir. 1992) (emphasis in original).

Here, plaintiff contends that the circumstances of the instant case are similar to those found in *H & W Industries, Inc. v. Formosa Plastics Corp., USA*. *See* 860 F.2d 172 (5th Cir. 1988).

3

There, the Fifth Circuit found that plaintiff's complaint stated two separate grounds for recovery and affirmed the district's court certification of the dismissal of one of those claims. *Id.* at 176. Specifically, the district court dismissed Count VI of plaintiff's complaint, which was brought under the Sherman Act and alleged defendant's attempt to create a monopoly. *See id.* Thereafter, the district court certified its ruling pursuant to Rule 54(b), while Count VII, which was brought under § 7 of the Clayton Act and challenged defendant's acquisition of its subsidiary, remained pending before the district court. *See id.* The Fifth Circuit reasoned that "[a]lthough market share [was] relevant to both . . . claims, they present[ed] separate claims for relief and thus [could] be appealed separately upon certification under Rule 54(b)." *Id.*

Here, plaintiff's reliance on *H & W Industries* is misplaced because this Court has not entirely disposed of plaintiff's claim under the Louisiana Merchant Liability Act (LMLA). *See* Rec. Doc. 42 at 3-8. Although this Court granted summary judgment relative to the elements of Walmart's creation and actual notice of the cherries on the floor, plaintiff is nevertheless entitled to pursue her LMLA claim relative to Walmart's constructive notice of the hazardous condition, which allegedly caused her to slip-and-fall. *See id.* at 6-8. The disposal of certain elements of plaintiff's LMLA claim does not render it a suitable candidate for appeal upon certification under Rule 54(b). *See, e.g., Davidson Oil Country Supply Co., Inc. v. Klockner, Inc.*, 780 F.2d 1258, 1259-60 (5th Cir. 1986) ("Because the order failed on its face to dispose of an entire claim, the Rule 54(b) certificate could not lend the requisite finality[.]"); *see also Monument Management Ltd. Partnership I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir. 1992) (dismissing certification of appeal wherein district court did not dispose of claim in its entirety).

As to the second prerequisite, the court must make "an express determination that there is no just reason for delay." *Eldredge*, 207 F.3d at 740, n.2 (citation omitted). Here, plaintiff contends

4

that "[d]ue to this Court granting in part Walmart's [m]otion for [s]ummary [j]udgment on this claim, [p]laintiff can no longer present these claims at trial," which will result in plaintiff's "danger of hardship or injustice through delay which would be alleviated by immediate appeal." Rec. Doc. 45-1 at 6. Plaintiff further argues that the instant case is similar to the circumstances found in *Larroquette v. Cardinal Health 200, Inc.*, wherein the court found "no just reason for delaying entry of final judgment against [defendant] to allow plaintiff to appeal the court's decision that [defendant] was fraudulently joined. No. 04-0117, 2004 WL 3132961, at *1-2 (E.D. La. Dec. 10, 2004). There, the court granted plaintiff's motion for entry of final judgment because the absence of the defendant had the potential to result in a "needless" retrial if defendant was found not to have been fraudulently joined. *See id.* at *1. Plaintiff essentially urges that she will have to proceed to trial without a necessary claim. *See* Rec. Doc. 45-1 at 6. However, as previously stated, this Court only disposed of certain elements of plaintiff's LMLA, rather than the claim in its entirety. Plaintiff also urges that the interest of judicial economy would be lessened "as there is no trial or deadline set." *See id.* at 7. However, plaintiff's contention is misleading. This Court granted plaintiff's motion to continue (Rec. Docs. 21 and 35) to allow additional time for parties to take the limited redeposition of plaintiff's healthcare provider, Dr. Junius. *See* Rec. Doc. 44 at 2. Parties have submitted memorandum indicating that plaintiff's "potential recovery for her damages remains above the $75,000.00 threshold, exclusive of interest and cost, requiring this matter to remain in federal court." Rec. Doc. 46 at 1. In light of parties' memorandum, pretrial and trial dates shall issue. In sum, the interest in avoiding piecemeal appeals outweighs the danger of hardship or injustice through delay which would be alleviated by immediate appeal. Therefore,

plaintiff's motion for entry of final judgment is **DENIED.**

New Orleans, Louisiana this 22nd day of October, 2024

                          SENIOR UNITED STATES DISTRICT JUDGE